Markman, J.
(concurring). The only evidence of age discrimination presented by plaintiff consists of a single comment allegedly made to him by his superior during a meeting at which he was terminated. During this meeting, Robert Hutchinson, an official of Century 21 Great Lakes, told plaintiff that he was “getting too old for this sh — .” There are at least two conceivable interpretations of this comment: (1) that it constitutes what the majority describes as “direct evidence” of age animus in the context of an adverse employment decision taken by defendant, or (2) that it represents a colloquial expression which does not *542 necessarily communicate the speaker’s perspective that the object of his remark is literally too aged to perform a particular task, but rather empathizes with the other person by indicating that, on the basis of his experience, education, or level of achievement, he should not have to tolerate certain difficult circumstances in which he has become enmeshed.
I concur in the result reached by the majority because I agree that it is ultimately for the factfinder to determine which of these alternative interpretations best describes Hutchinson’s remarks, to wit, whether these remarks are better understood in their literal or in their colloquial senses.
However, I write separately to express my concern that, particularly in the context of discrimination cases predicated upon age, there are a wide variety of innocent comments that, taken out of context and divorced from their meaning in common parlance, could be used by a plaintiff to defeat a motion for summary disposition. For example, if made in rough proximity to an adverse employment action and if construed literally, the following comments might be understood to constitute evidence of age discrimination:
- “That’s just old hat”
- “You can’t teach an old dog new tricks”
- “He’s an old hand at this sort of thing”
- “Your thinking is just old school”
- “You’re old enough to know better”
- “You belong to the good-old-boys network”
Each of these phrases, similar to the one uttered in the present case, have colloquial meanings in the contemporary language that are distinct from their literal *543 meanings and that are generally unconnected with any serious intimation of age animus. I join here with the majority because we lack any specific information concerning the context of defendant’s comment, and because there may be circumstances in which it is not unreasonable to accord the comment a literal construction. However, I do not believe that the requirements of MCR 2.116(C)(10) will invariably be satisfied by a plaintiff who alleges remarks of this kind by an employer or a supervisor. Although an employer or a supervisor’s comments must be viewed in “the light most favorable” to a plaintiff at the summary judgment stage, the proofs nevertheless must be sufficient to allow the trier of fact to reasonably conclude that age animus was a motivating factor resulting in an adverse employment action. Lytle v Malady (On Rehearing), 458 Mich 153, 176; 579 NW2d 906 (1998). Whether a comment removed from the ordinary vernacular would constitute “direct evidence” of discrimination or merely circumstantial evidence does not, in my judgment, alter the validity of this proposition.
Young, J., took no part in the decision of this case.